# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

ELAINE FRANCIS WOOLERY,

          Plaintiff,

v.

ONE WEST BANK FSB,

          Defendant.

CASE NO. 3:17-CV-05540-JRC

ORDER

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 4; Consent to Proceed Before a United States Magistrate Judge, Dkt. 10).

This matter is before the Court on defendant's Motion to Dismiss Complaint. *See* Dkt. 13. Defendant's filed this motion on October 3, 2017 and it was noted on the Court's calendar for October 27, 2017. Defendant moves the Court to dismiss plaintiff's complaint on the ground

that this Court lacks subject matter jurisdiction because the Bankruptcy Court has exclusive original jurisdiction over this case. Dkt. 13, p. 1.

Plaintiff's response to this motion was due on or before Monday, October 23, 2017. Plaintiff has failed to file a response or objections to defendant's motion. *See* Docket.

After reviewing the Complaint (Dkt. 1) and Defendant's Motion to Dismiss (Dkt. 13), the Court concludes that the claims raised by plaintiff in her complaint are based on alleged violations of the automatic stay, and are therefore preempted by federal bankruptcy law. See *MSR Exploration v. Meridian Oil*, 74 F.3d 910, 916 (9th Cir. 1996).

The factual allegations in the complaint involve events that occurred during the pendency of plaintiff's bankruptcy. Dkt. 1, paragraphs 8 – 12. The allegations essentially repeat claims during the bankruptcy proceeding. See Dkt. 13, Ex. 1 and 2, Case 16-04097 BDL. As alleged in plaintiff's complaint, the Bankruptcy Court entered a Discharge Order on January 30, 2013 – after the events giving rise to plaintiff's claims.

Fed. R. Civ. P 12(c) provides that after the pleading are closed, a party may move for judgment on the pleadings.

Plaintiff has not set forth any reason why these claims set forth on the face of the pleading are not preempted by the bankruptcy proceedings.

Therefore, plaintiff's complaint is dismissed for lack of subject matter jurisdiction.

Dated this 2nd day of November, 2017.

J. Richard Creatura
United States Magistrate Judge